UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIETTE D. STOTLER,

     Plaintiff,

v.                                                                     Case No. 2:25-cv-1092-SPC-KRH

MICHEL LAW, LLC D/B/A LEVEL
ONE LAW,

     Defendant.

_____/

## ORDER

At issue is Plaintiff's Motion for Default Judgment. (Doc. 8). Defendant failed to oppose the Motion. Nor did it ever bother to appear in the case. The Court grants the Motion to the extent that it requests judgment on sum-certain damages. As for attorney's fees and costs, Plaintiff may refile to seek those expenses.

## Background

Defendant scammed Plaintiff with a bogus (albeit sophisticated) debt settlement scheme for services that Defendant never provided. (Docs. 1 at 2-7; 8 at 3).[1] Eventually, Plaintiff sued by filing a facially plausible Complaint. (Doc. 1). She promptly served Defendant. (Doc. 3). Defendant never showed its face. So Plaintiff obtained a clerk's default. (Docs. 6; 7). Now, she wants default judgment.

## Legal Standard

After securing a clerk's default under Rule 55(a), plaintiff must seek default

---

[1] By defaulting, Defendant admitted all well-pled allegations. Fed. R. Civ. P. 55(a).

judgment. Fed. R. Civ. P. 55(b)(1)-(2). There are two types of default judgment—the first is ministerial and entered by the Clerk; the second is discretionary and entered by the Court. *Id.* Which procedure applies depends on the facts of the case.

Where (as here) plaintiff seeks (1) sum-certain damages (2) with a properly supported motion (3) against a defaulted, nonappearing party (4) who is neither a minor nor incompetent, then the Clerk merely enters default judgment. Fed. R. Civ. P. 55(b)(1). No further inquiry is needed. *SEC v. Wright*, 261 F. App'x 259, 261 (11th Cir. 2008) (Rule "55(b)(1) permits entry of judgment by the clerk without any hearing."). And when default judgment is proper under Rule 55(b)(1), there is no discretion to deny the request. *E.g.*, *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) (Korman, J., concurring) ("By these terms, the entry of default judgment for the damages requested is mandatory and there is no room for discretion to deny an award of damages.").

## Discussion

The analysis proceeds in four parts. First, the Court addresses the legal requirements for the Clerk to enter judgment. Second, it explains why Plaintiff must refile for attorney's fees. Third, the inquiry turns to common considerations on default judgments. And fourth, the analysis concludes this order needs no district judge review.

### A.    Default Judgment by Clerk

Plaintiff meets all four requirements for a default judgment under Rule 55(b)(1). So the Clerk must enter final judgment for Plaintiff and against Defendant

totaling $7,883.18 in damages.

### 1.    Sum Certain

Plaintiff seeks a sum-certain amount in the form of actual damages. Fed. R. Civ. P. 55(b)(1). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Complaint seeks an award of "actual damages." (Doc. 1 at 18). Such damages are the amounts Plaintiff paid Defendant. This recovery is available under the statutory theories pursued. 15 U.S.C. § 1679g(a)(1); Fla. Stat. §§ 817.706(1), 817.806(1), 501.211(2).

What qualifies as a sum certain under Rule 55(b)(1) isn't always clear. *E.g.*, *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004). Yet the need for easy mathematical computation based on the unambiguous (now admitted) facts is obvious. 10A Wright and Miller Federal Practice & Procedure § 2683 (4th ed. Apr. 2026 update). In the end, the phrase signifies that "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding*, 375 F.3d at 929.

Here, Plaintiff seeks a simple sum certain based on her actual damages. The parties entered into an agreement requiring Plaintiff to make defined payments over time. Plaintiff made some of those payments. And a website reflecting Plaintiff's account with Defendant summarized her total payments. (Doc. 8-1 at 1). These actual damages are a sum certain since the Clerk merely needs to add the amounts that Plaintiff paid.

### 2. Proper Support

Plaintiff filed an appropriate Motion supported by an affidavit and evidence of the actual damages. Fed. R. Civ. P. 55(b)(1). As required, these papers confirm the total sum-certain damages owed to Plaintiff. (Docs. 8-3 at 2; 8-1 at 1). That amount is $7,883.18. (Doc. 8-1 at 1).

### 3. Failure to Appear

Defendant is in default because it never appeared in the case. Fed. R. Civ. P. 55(b)(1). A process server swore out service. (Doc. 4 at 2). Yet there is no sign that Defendant attempted to defend itself.

### 4. Defendant Subject to Default Judgment

Defendant is a corporate entity, which isn't a minor or incompetent person. Fed. R. Civ. P. 55(b)(1). Plaintiff states as much. (Doc. 8-3 at 2). But she went a step further—confirming Defendant is not in current, active military service. (Doc. 8-3 at 1). While not demanded by Rule 55(b)(1), that certification is statutorily required. 50 U.S.C. § 3931(a)-(b)(1).

### 5. Conclusion

In short, Plaintiff satisfied all four requirements for default judgment on a sum certain. The Clerk, therefore, "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1).

## B. Attorney's Fees

Plaintiff seeks attorney's fees. These may be recoverable on Plaintiff's theories. But given the allegations, any fees are not taxable as damages. So the

4

Local Rules require Plaintiff to file for fees separately. M.D. Fla. Local R. 7.01(a) And the request for fees is premature until after judgment.

Typically, attorney's fees are not a "sum certain" under Rule 55(b)(1). *E.g.*, *Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2021 WL 3857560, at *5-6 (M.D. Fla. Aug. 30, 2021) (collecting cases); *BMO Bank, N.A. v. Transload, LLC*, No. 2:25-CV-125-RWS, 2025 WL 3772673, at *6 (N.D. Ga. Dec. 2, 2025) (same). So it might seem that the Motion must proceed under Rule 55(b)(2). Understanding this, Plaintiff seeks default judgment via that provision. Yet attorney's fees don't scupper the sum-certain nature of this Motion.

On Plaintiff's theories, attorney's fees and expenses are not her damages. Rather, they are permissible to plaintiffs who prevail on certain claims. 15 U.S.C. § 1679g(a)(3); Fla. Stat. §§ 817.706(1), 817.806(1), 501.211(2), 501.2105(1). As it relates to damages, the Motion only seeks to recover actual damages from Defendant's fraudulent conduct. Attorney's fees and expenses here are (as normal) a post-judgment matter.

This District has a bifurcated fee-determination procedure. M.D. Fla. Local R. 7.01(a). When a party wants fees or nontaxable expenses, they must file a motion "[w]ithin fourteen days after the entry of judgment." *Id.* at 7.01(b). After receiving judgment, Plaintiff may seek fees, expenses, and costs as appropriate. Until that time, however, these matters aren't ripe.

Even if it were the right time to address fees, the Court would need more context about a few line items within Plaintiff's request. It appears that she seeks

5

fees for some time billed by a file clerk and paralegal. But this work is only part of a fee award if the time represents "work typically done by lawyers." *Kearney v. Auto-Owners Ins.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010); *see also Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013). So the Court would need more information on those billing entries before awarding them.

After judgment, Plaintiff must refile for fees and costs. To streamline those proceedings, the Court will excuse the requirement to seek entitlement and amount separately. M.D. Fla. Local R. 7.01(b)-(c). Instead, Plaintiff may (if she chooses) file a combined motion on entitlement and amount of fees.

## C.    Common Considerations

To be clear, there is no Rule-based requirement for the Court to review default judgments for matters like personal jurisdiction or sufficiency of the pleadings. Fed. R. Civ. P. 55(b)(1). That said, many judges quickly ensure that cases pass the smell test on such matters before entering judgment. *E.g.*, *Alvarez v. Gregory HVAC, LLC*, No. 8:19-cv-1826-CEH-JSS, 2021 WL 3857560, at *2 (M.D. Fla. Aug. 30, 2021). Out of deference and without deciding whether the analysis is required, the Court undertakes that brief review. *See id.*

First, the record indicates service was proper. Plaintiff filed a sworn proof of service on Defendant. (Doc. 4). The address on that proof of service matches the principal place of business and service addresses that Defendant listed on Sunbiz.[2]

---

[2] Sunbiz is Florida's public database for corporate records—including information on service. Courts regularly take judicial notice of the website and its contents. *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019).

And Defendant is a Florida company. Based on this sworn service, the Clerk entered default. (Docs. 6; 7). Yet Defendant still failed to appear. On these facts, there is no reason to doubt that service was proper, the Court has personal jurisdiction over Defendant, and clerk's default was appropriate.

Second, the Court has federal-question jurisdiction over the Credit Repair Organization Act ("CROA") claim. 28 U.S.C. § 1331; 15 U.S.C. § 1679g(a).[3] This fact confers supplemental jurisdiction over the related state-law claims. 28 U.S.C. § 1367(a). So the Court has subject-matter jurisdiction.

Third, Plaintiff stated one claim (at a minimum).[4] Plaintiff clearly made a case that Defendant violated CROA via 15 U.S.C. § 1679b(b). This provision "prohibits a credit repair organization from charging or receiving 'any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.'" *FTC v. RCA Credit Servs., LLC*, 727 F. Supp. 2d 1320, 1333 (M.D. Fla. 2010) (quoting 15 U.S.C. § 1679b(b)). Plaintiff's well-pled theory is that Defendant orchestrated a scheme to defraud her by inducing her to sign a contract for services never performed. By definition, Plaintiff stated this claim if Defendant was a "credit repair organization." On the admitted facts, Defendant fell neatly

---

[3] This right may be subject to arbitration. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98-103 (2012). But arbitration is a waivable right. And nobody raised it.

[4] Plaintiff seeks actual damages for each of her claims. While recoverable under different theories, they are only recoverable once. Put different, Plaintiff need only state a single claim for actual damages to recover that sum.

within that classification. 15 U.S.C. § 1679a(3)(A). In short, Plaintiff stated a claim.

And fourth, the damages sought are within the scope of the Complaint and legal theories. As detailed above, Plaintiff seeks a sum certain—which is recoverable under various theories and demanded in the Complaint.

Whether required or not, the common considerations before entry of default judgment all lean in Plaintiff's favor.

**D.      Order on Default Judgment**

Finally, the Court briefly explains why this matter was addressed by order rather than report and recommendation. A magistrate judge's powers are limited by the interplay of Article 3 with 28 U.S.C. § 636 and Rule 72. The entry of final judgment seems like an obvious limitation contemplated by these authorities.

But here, the entry of judgment is the duty of the Clerk—not the Court. Since there is no right to Article 3 review before a clerk enters default judgment under Rule 55(b)(1), there is no obvious problem with an Article 1 judge directing that action. *See In re Butler Innovative Sols.*, No. 08-00065, 2011 WL 4628746, at *1 (Bankr. D.D.C. Oct. 4, 2011). In fact, there is no order even needed for the clerk to enter judgment. With a sum-certain default judgment, a magistrate judge is merely checking plaintiff's work as a courtesy and in an abundance of caution before the clerk exercises her obligation to enter judgment. This common practice, however, does not somehow nullify or displace the clerk's power to enter judgment. *See* Fed. R. Civ. P. 55(b)(1); *see, e.g.*, *Zapeta Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 392 (7th Cir. 2002) ("For federal rules of procedure have

the force of statutes."); 28 U.S.C. § 2072(b).

The Clerk has the authority to enter a sum-certain default judgment here without the need for any judge to sign off. So there is no legal (or even logical) requirement for an Article 1 judge to present a recommendation to an Article 3 judge for entry of judgment when no review was required in the first place. On review, that procedure amounts to illusory, multilevel make-work. Rather than engage in such unnecessary review procedures, the law provides a clear, simple avenue for parties to challenge a clerk's default judgment. Rule 55(c) allows a district judge to set aside a default judgment under Rule 60(b); or a party can appeal the final default judgment. Either avenue guarantees Article 3 review. *See* 10A Wright and Miller Federal Practice & Procedure § 2683.

In short, there is no reason for a magistrate judge to recommend that a district judge order approval of something not required by law. This includes a sum-certain default judgment—which is within a clerk's power to enter without a court order. As many other magistrate judges conclude, therefore, this decision to direct the Clerk's action may be made by order. *E.g.*, *Denham v. EYM Diner of Fla.*, No. 2:25-cv-94-SPC-NPM, Doc. 30 (M.D. Fla. Mar. 25, 2026) (Mizell, J.).

**ORDERED**:

1.    Plaintiff's Motion for Default Judgment. (Doc. 8) is **GRANTED in part**.

    a.    The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff for the sum-certain amount of $7,883.18.

b.      The Motion is otherwise **DENIED as premature**.

2.      **Within fourteen (14) days after judgment**, Plaintiff may file either (1) a motion for only entitlement to attorney's fees or expenses or (2) a combined motion on entitlement and amount of attorney's fees or expenses.

In Fort Myers, Florida, on June 16, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge

10